# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR125** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **CURTIS RICHARDSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's motion to reduce his sentence as a result of the recent amendments to the crack cocaine sentencing guidelines (Filing No. 78). The parties have briefed this matter (Filing Nos. 86, 87), and the probation office has submitted a worksheet.

On March 12, 2007, the Defendant was sentenced to 240 months imprisonment and 5 years supervised release. (Filing No. 63.) His guideline range was 262-327 months based on total offense level 34 and criminal history category VI. The Court varied below the guideline range in sentencing the Defendant, a career offender. (Filing No. 58.)

The Defendant now seeks a sentence of 63 months under the crack cocaine amendments to the sentencing guidelines. As the Eighth Circuit has stated, however, a career offender's base offense level is determined under U.S.S.G. § 4B1.1 and not U.S.S.G. § 2D1.1. The sentencing commission lowered the levels under § 2D1.1(c) and did not amend § 4B1.1. *United States v. Thomas,* 524 F.3d 889, 890 (8th Cir. 2008). Therefore, the crack cocaine amendments have no effect on this Defendant's case, and his motion to reduce his sentence is denied.

IT IS ORDERED that the Defendant's motion to reduce his sentence as a result of the recent amendments to the crack cocaine sentencing guidelines (Filing No. 78) is denied.

DATED this 14th day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge